UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WOODLANDS SENIOR LIVING LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:19-cv-00230-JDL ) |
| MAS MEDICAL STAFFING CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

By an order dated November 23, 2020 (ECF No. 79) (the "Order"), I granted Defendant MAS Medical Staffing Corporation's ("MAS") Motion for Judgment on the Pleadings (ECF No. 15). In response, the Plaintiffs—Woodlands Senior Living, LLC; Woodlands Senior Living of Cape Elizabeth, LLC; Woodlands Senior Living of Hallowell, LLC; Woodlands Senior Living of Farmington, LLC; Woodlands Senior Living of Lewiston, LLC; Woodlands Senior Living of Rockland, LLC; Woodlands Senior Living of Waterville, LLC; and Woodlands Senior Living of Brewer, LLC (together, "Woodlands")—have moved for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 82). For the reasons that follow, I grant the motion.

**I. LEGAL STANDARD**

"[I]t is settled in this circuit that a motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." *In re Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir. 1987).

1

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). "[A] party moving for Rule 59(e) relief may not repeat arguments previously made . . . , nor may it present new arguments . . . if such arguments 'could, and should, have been made before judgment issued.'" *Markel Am. Ins. Co. v. Díaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012) (quoting *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008)).

## II. DISCUSSION

Woodlands contends that the Order should be reconsidered because it did not address the applicability of 1 M.R.S.A. § 302—a statute setting forth rules of statutory construction—in relation to 26 M.R.S.A. § 599-B—the statute at the heart of MAS's Motion for Judgment on the Pleadings. Section 599-B generally prohibits the enforcement or attempted enforcement of restrictive employment agreements. In the Order, I concluded that section 599-B applies to this case and, therefore, bars Woodlands' effort to enforce a restrictive employment agreement against MAS. After further determining that section 599-B did not violate the Contract Clause of the Maine Constitution, I concluded that Woodlands could not enforce the restrictive employment agreement it had entered into with MAS.

Section 302 provides, in relevant part, that "[a]ctions and proceedings pending at the time of the passage . . . of an Act . . . are not affected thereby." The Maine Law Court has determined that section 302 "provides a rule of construction only," but that "the rule is controlling absent clear and unequivocal language to the contrary." *DeMello v. Dep't of Envtl. Prot.*, 611 A.2d 985, 986 (Me. 1992) (internal

quotation marks omitted). Woodlands is correct to note that the Order failed to address section 302's "non-application to pending proceedings" provision. I do so now.

Exactly what manner of "clear and unequivocal language" is needed to overcome section 302 is not entirely clear. *DeMello*, 611 A.2d at 986. In *MacImage of Maine, LLC v. Androscoggin County*, the Law Court stated that section 302 could be overcome by a statute that "expressly cit[es] section 302, or explicitly stat[es] an intent to apply a provision to pending proceedings." 2012 ME 44, ¶ 22, 40 A.3d 975, 985 (citing *Bernier v. Data Gen. Corp.*, 2002 ME 2, ¶ 16, 787 A.2d 144, 150). However, in *Bernier*, the Law Court explained that it has "never required an express reference to 'pending proceedings' or a citation to section 302 to overcome the section 302 restriction against application to pending proceedings." 2002 ME 2, ¶ 16, 787 A.2d at 150.

In *Bernier*, the Law Court applied a recently enacted amendment to Maine's Workers' Compensation laws governing the annual inflation adjustment made to previously awarded benefits. Looking to the contested statute's legislative history and "sweep," the Law Court determined that the statute was "sufficiently broad" as to demonstrate a legislative intent that it apply to pending proceedings. *Id.* at ¶ 17, 787 A.2d at 150. While the Law Court focused on the Legislature's intent in enacting the statute, it also recognized that "[i]n determining whether a statute . . . affects proceedings pending on the date of enactment, we . . . require a clear statement or implication of retroactive intent." *Id.* at ¶ 16, 787 A.2d at 150 (quoting *Weeks v. Allen & Coles Moving Sys.*, 1997 ME 205, ¶ 6, 704 A.2d 320, 322). In fact, although the statute at issue in *Bernier* did not expressly reference section 302, the Law Court

3

noted that its enacting provision explicitly stated that the act "applie[d] retroactively . . . and applies notwithstanding any adverse order or decree." 2002 ME 2, ¶ 15, 787 A.2d at 149 (quoting P.L. 2001, ch. 390, § 2).

In *Stickney v. City of Saco*, the Law Court similarly suggested that section 302's rule about non-application to pending proceedings may be overcome where "the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." 2001 ME 69, ¶ 30 n.11, 770 A.2d 592, 604 n.11 (quoting *Terry v. St. Regis Paper Co.*, 459 A.2d 1106, 1109 (Me. 1983)). However, the conveyancing statute considered in *Stickney* also contained an express statement as to its retroactive application: "A conveyance or reservation of real estate, *whether made before or after the effective date of this section,* must be construed to convey or reserve an estate in fee simple." 2001 ME 69, ¶ 30 n.11, 770 A.2d 592, 604 n.11 (quoting 33 M.R.S.A. § 772(1) (Supp. 2000-2001)).

Ultimately, the Law Court's decisions establish that where the Legislature has included an express statement that a statute applies retroactively, courts may infer from such a statement a legislative intent that the statute apply to pending proceedings, particularly when such a reading is bolstered by the statute's breadth and legislative history. However, where there is no statement of retroactive intent, a statute must contain an express reference to section 302 or to "pending proceedings." The parties have not cited to any decision by the Law Court in which it has determined that section 302's rule of construction does not apply in the absence of either a reference to section 302 or "pending proceedings," or an explicit statement of retroactive intent.

This case does not fit neatly into the Law Court's framework because, as I noted in the Order, section 599-B broadly bars the prospective act of engaging in litigation to enforce or attempt to enforce a restrictive employment agreement. The Maine Superior Court recently spoke favorably of this reading of section 599-B in *Osman Page, LLC v. Boothbay Region Water District*, CV-20-22 (Me. Super. Ct., Lin. Cty., Mar. 8, 2021), where it agreed that the statute "is prospective, not retroactive, because it concerns the legal status of actions taken after the effective date of the statute," slip op. at 7. The Superior Court further noted that "a statute that specifically prohibits both the creation and enforcement of restrictive employment agreements" cannot "be given full effect if the enforcement provision is read restrictively to only apply to agreements created after its effective date." *Id.* at 6.

Because section 599-B prohibits employers from seeking to legally enforce restrictive employment agreements entered into both before or after its effective date, it is understandable that the Legislature did not include a statement of retroactive intent, as the statute forecloses the prospective actions of filing and prosecuting a lawsuit regardless of whether the agreement at issue was formed before or after the statute's effective date. However, the question still remains: does section 599-B apply to the instant case in which an employer is attempting to enforce a restrictive employment agreement, but where the enforcement action began prior to the statute's enactment?

I conclude that section 302's presumptive application is not overcome in this instance. While, as I noted in the Order, section 599-B contains broad language and is supported by legislative history indicating that the purpose of the law is to

5

"[r]emov[e] unnecessary employment barriers," ECF No. 79 at 9 (quoting *An Act to Promote Keeping Workers in Maine: Hearing on L.D. 733 Before the J. Standing Comm. on Labor, Research & Econ. Dev.*, 129th Legis. 2 (2019) (testimony of Rep. John Schneck)), the statute contains no explicit reference to section 302 or to "pending proceedings." While "a narrow subset of restrictive employment agreements being exempt from the statute's prohibition on the enforcement of restrictive employment agreements" would appear to run "counter to the statute's broad goals of removing barriers to employment," *id.* at 10, it is also true that, as the Law Court has previously expressed, "the Legislature understands the importance of making its intent particularly clear when it intends legislation to impact pending litigation," *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 627 (Me. 1994).

In this case, there is simply no "clear and unequivocal language" indicating that the Legislature sought to overcome section 302. *DeMello*, 611 A.2d at 986. Accordingly, section 599-B does not bar Woodlands' pending action against MAS.

### III. CONCLUSION

For the above-stated reasons, Woodlands' Motion for Reconsideration (ECF No. 82) is **GRANTED**. My previous Order granting MAS's Motion for Judgment on the Pleadings (ECF No. 79) is **VACATED**, and MAS's Motion for Judgment on the Pleadings (ECF No. 15) is **DENIED.**

SO ORDERED.                              Dated:  May 21, 2021


                                               **/s/ JON D. LEVY**
                                       **CHIEF U.S. DISTRICT JUDGE**